UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID PAUL READ,
         Plaintiff,

v.

P. KWIATKOWSKI,
         Defendant.

**DECISION & ORDER**
15-CV-6475

### Preliminary Statement

Pro se plaintiff David Paul Read ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendant, Corrections Officer (C.O.) P. Kwiatkowski, violated his civil rights on July 6, 2015 by forcing plaintiff to work beyond his physical capacity in spite of plaintiff's known medical limitations, and by retaliating against plaintiff when he later complained. See Complaint (Docket # 1). Pending before the Court are plaintiff's motions to (1) take C.O. Kwiatkowski's deposition, and (2) compel discovery. See Docket ## 21, 30.

### Discussion

Motion to Depose Defendant (Docket # 21): Plaintiff is currently incarcerated at Fishkill Correctional Facility in New York. In his pro se motion, plaintiff states that he needs to depose defendant, and requests that the Court appoint an officer to administer oaths and take testimony. Plaintiff has offered to contribute $500.00 to the cost of the deposition,

which he argues is necessary to allow him to obtain evidence to use to impeach the defendant. See Reply (Docket # 26) at 1. Plaintiff argues that "it is fundamentally fair to allow prisoners [sic] plaintiff to utilize every method of legal remedies that the law allows." Id. For the reasons that follow, plaintiff's motion is **denied**.

The Federal Rules of Civil Procedure do not prohibit or limit a plaintiff's ability to depose parties based on status either as a prisoner or a pro se litigant. See Fed. R. Civ. P. 30. So long as plaintiff provides proper notice to defendant and bears all costs related to the taking of a deposition, he need not seek leave of the Court to proceed. See id. However, "the deposition by inmate litigants pose logistical issues, especially if these litigants are proceeding as poor persons." Nowlin v. Lusk, No. 11CV712S, 2014 WL 298155, at *9 (W.D.N.Y. Jan. 28, 2014). First, "prison order and security concerns raised by defendants weigh against plaintiff's request to conduct oral depositions." Whiteside v. Thalheimer, No. 1:13-cv-408, 2015 WL 2376001, at *2 (S.D. Ohio May 18, 2015). Second, "[t]he costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of setting up the recording) is usually borne by the party taking the deposition, even when that party is proceeding pro se and granted in forma pauperis

2

status." Nowlin, 2014 WL 298155 at *9; see Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993) ("federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant"); see also Murray v. Palmer, No. 903-CV-1010, 2006 WL 2516485, *4 (N.D.N.Y. Aug. 29, 2006) ("[A] litigant proceeding in forma pauperis does not have a right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts.").

Given these logistical and financial realities, many incarcerated pro se plaintiffs utilize other devices such as interrogatories, deposition by written questions, or requests for admissions to obtain needed discovery. See Kramer v. City of New Kensington, No. 13-606, 2016 WL 406284, at *2 (W.D. Pa. Feb. 3, 2016) ("In light of the expense of oral depositions and logistical difficulties presented to an inmate proceeding pro se, it is often preferable for pro se inmates to seek discovery through depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure."); see also Woodward v. Mullah, No. 08-CV-00463, 2010 WL 1848495, at *9 (W.D.N.Y. 2010) (despite financial limitations, plaintiff "is not without means to investigate his case" by using document demands,

3

interrogatories and deposition upon written questions); McConnell v. Pepp, No. 89 Civ. 2604, 1991 WL 50965, at *1 (S.D.N.Y. April 3, 1991) ("Considering that plaintiff is an incarcerated prisoner proceeding in forma pauperis, we believe that the service of interrogatories by plaintiff is a more practical means of discovery.").

Here, plaintiff contends that "deposition by written questions would be useless in this case" but does not explain why. See Docket # 21. In any event, the Court does not have the ability to subsidize the costs associated with any discovery vehicle, including depositions. For these reasons, plaintiff's motion to take depositions and subsidize the costs of those depositions (Docket # 21) is **denied.**

Motion to Compel Discovery (Docket # 30): With this motion, plaintiff requests that the Court compel defendant to turn over "photocopies of the C-1/Rec Room door, and also hallway." Docket # 30. Defendant responded to the instant motion attaching the requested photos "of the C1 TV Room Door, Door Closure and hallway angles." Docket # 33. Defendant has satisfied plaintiff's request, and this motion is now **moot.**

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 29, 2017
Rochester, New York