UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID PAUL READ,

          Plaintiff,    DECISION and ORDER

-vs-

                   15-CV-6475-CJS-JWF

P. KWIATKOWSKI,

         Defendant.

## INTRODUCTION

**Siragusa, J.** Before the Court are Plaintiff's motions seeking a temporary restraining order, ECF No. 31 and ECF No. 48, appointment of *pro bono* counsel, ECF No. 42, and an order limiting evidence at trial, ECF No. 47. Defendant has not filed any opposition to Plaintiff's applications.

## DISCUSSION

### *Appointment of Counsel*

In his application, Plaintiff seeks "assignment of counsel…." At the outset, when considering the appointment of *pro bono* counsel, the Court must determine whether Plaintiff has made, "a threshold showing of some likelihood of merit." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986). Plaintiff alleges in his complaint that on July 6, 2015, at approximately 7:30 p.m., Defendant directed him to complete a work detail, contrary to Plaintiff's medical restriction. Further, that while on the work detail, Plaintiff's knee collapsed causing him to break a door. Finally, Plaintiff asserts that Defendant retaliated against him by filing an

inmate misbehavior report alleging that Plaintiff refused to work, complained loudly when forced to do so, said he would only complete the work detail (washing walls in a corridor) by taking his "sweet time," was yelling and causing a disturbance, berated the correctional officer in front of other inmates, slammed a door so hard it broke the top closure arm and four screws fell out, and then lied about the door already being broken.

Once the threshold showing has been made, the Court must consider other factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented..., the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003) (applying the *Hodge* factors); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (same). "Volunteer lawyer time is a precious commodity," *Cooper*, 877 F.2d at 172.

In this case, the matter is not complex, and the legal issues involved are straight forward and easily understood without legal training. Therefore, the Court determines that, after reviewing the *Hodge* factors, Plaintiff is not entitled to *pro bono* services from counsel and must either retain counsel at his own expense, or press on *pro se* in this case. His motion to appoint counsel, ECF No. 42, is denied.

*Temporary Restraining Order / Preliminary Injunction*

Plaintiff filed two applications for a TRO or preliminary injunction. In ECF No. 31, he seeks an Order

> enjoining the defendants…from, thwarting Plaintiff from possession of manila envelopes to file his brief, allow access to all legal material as needed to perfect his civil action without interference by N.Y.S. / DOCCS, correctional officers within (SHU) at Mid-State or anywhere Plaintiff may be housed, and not to be retaliated against for litigating. Also not to tamper or destroy any legal mail, document, that are in Plaintiff's personal property that my jeoperdise [sic] his litigation thereof.

ECF No. 31 at 1. Plaintiff contends that corrections staff have not permitted him to obtain manila envelopes with which to file briefs with the Court, "leaving all work product exceeding over 5,000 pages loosely exposed to public eye's [sic]." *Id.* at 3.

"A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995). Plaintiff's application has not met the purposely high legal threshold for injunctive relief.

In *Tom Doherty*, the Second Circuit also discussed the requirements for a mandatory injunction:

> However, we have required the movant to meet a higher standard where: (i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits.…

1. Mandatory Injunctions

The typical preliminary injunction is prohibitory and generally seeks only to maintain the *status quo* pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id.* As noted above, this distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir. 1990) (injunction going beyond preservation of *status quo* requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). The "clear" or "substantial" showing requirement—the variation in language does not reflect a variation in meaning—thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.…

Moreover, many mandatory injunctions can be stated in seemingly prohibitory terms. *See, e.g., Unifund SAL*, 910 F.2d at 1040 (imposing "substantial showing of likelihood of success" standard because "though the order is prohibitory in form, rather than mandatory, it accomplishes significantly more than preservation of the status quo").

*Doherty Assoc., Inc. v. Saban Entertainment, Inc.*, 60 F.3d at 34–35.

Plaintiff is asking the Court for a mandatory injunction that, essentially, directs Defendant and those acting in concert with him to provide certain stationery items and to follow the law. First, the Court is not going to direct Defendant or anyone acting in concert with him to provide certain stationery items, such as manila envelopes. To date, Plaintiff's papers have arrived at Court and been successfully publically filed. Second, the Court is not going to direct Defendant and those acting in concert with him to follow the law. There is no need for such a direction from the Court.

In his second application for a temporary restraining order, [ECF No. 48](ECF No. 48), Plaintiff asserted that correctional staff, whom he did not identify, told him: (1) he would be placed

in the special housing unit ("SHU") because "his documents pertained to one of their's officer's [sic]"; (2) "they will throw out all [his] legal papers"; (3) "they should throw [him] down a flight of stairs"; and (4) "they will set [him] up with a weapon under [his] mattress." *Id.* at 1. As with the first application, Plaintiff seeks an order essentially directing correctional staff to follow the law. As this Court observed in *Mitchell v. N.Y. State Dep't of Corr. Servs.*, No. 06-CV-6278 CJS, 2012 WL 5197676 (W.D.N.Y. Oct. 19, 2012):

> Obviously, it is illegal for prison staff for retaliate against inmates for exercising First Amendment rights. An inmate who has experienced specific retaliation should utilize his administrative and judicial remedies.
>
> However, Plaintiff has not shown that he is entitled to the broad injunctive relief that he seeks against the entire staff of Attica. In a similar case, the Court stated:
>
>> [P]laintiff has asked for an injunction directing officials at Southport to reassign Ayers, McKeon, and Cece, to keep them away from him. On the other hand, plaintiff contends that such a reassignment alone would have no effect, because the conspiracy to retaliate against him and other inmates who file lawsuits at Southport is all-encompassing. Accordingly ... he actually wants the Court to direct all officials and staff at Southport to obey the law and stop harassing him. Plaintiff's application must be denied for several reasons. First, such a broad injunction would be inappropriate. *S.C. Johnson & Son, Inc. v. Clorox Co.,* 241 F.3d 232, 240 (2d Cir.2001) ("[U]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.").... Additionally, even assuming that plaintiff had shown irreparable harm ... he has not shown that he is likely to succeed on his underlying claims or that the questions he raises are sufficiently serious with the balance of hardships tipping in his favor.
>
> *Applewhite v. McGinnis,* No. 04–CV–6602–CJS–MWP, 2007 WL 1026427 at *2 (W.D.N.Y. Apr.2, 2007). For the same reasons, Plaintiff's request in this action is denied.

*Mitchell*, 2012 WL 5197676, at *2–3. The situation here is similar, and the Court declines to issue injunctive relief on these broad allegations of potential future illegal behavior.

*Motion in Limine*

Finally, Plaintiff has moved to limit the defense at trial from presenting evidence of the following: (1) the circumstances of Plaintiff's prior arrests in 2008 and 2009; (2) all of Plaintiff's prior criminal history; and (3) his prison disciplinary record. He cites to *Lataille v. Ponte*, 754 F.2d 33 (1st Cir. 1985) in support of his application. In the *Lataille* decision, the First Circuit held it was error for the district court to admit the plaintiff's disciplinary record in his civil rights case. *Id.* at 34 ("The case before us raises a single issue: whether the past disciplinary record of a prisoner was admissible in his 42 U.S.C. § 1983 suit against corrections officers. We rule that it was not."). The district court admitted evidence of the plaintiff's "more than sixty disciplinary reports, seven of which involved assaults on guards." *Id.* at 35. The case involved the plaintiff's allegations that the correctional officers had used excessive force on him, and the First Circuit ruled that it was contrary to Rule of Evidence 404 to admit the prior history to show that the plaintiff was the aggressor in the altercation with the guards. "It is well settled that prior acts may not be admitted to prove that a person acted in a similar fashion in the case at hand. That is the plain meaning of Federal Rule of Evidence 404: 'Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.' 404(b)." *Id.*

Here, Plaintiff has not developed his argument for excluding evidence of his past disciplinary record, thus the Court has no basis on which to determine whether admitting any of Plaintiff's past disciplinary record would be permissible. Therefore, his application for an order excluding evidence is denied without prejudice to renewing it prior to, or at, trial.

## CONCLUSION

For the foregoing reasons, Plaintiff's applications, [ECF No. 31](ECF No. 31), [ECF No. 42](ECF No. 42), [ECF No. 47](ECF No. 47) and [ECF No. 48](ECF No. 48), are denied. Plaintiff must find counsel on his own, or press forward with the case *pro se*, his applications for temporary restraining orders or preliminary injunctive relief are denied as they do not meet the high standard for a mandatory injunction, and his motion in limine is denied without prejudice.

IT IS SO ORDERED.

Dated: June 29, 2017
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge